UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| DIANE D. JONES and JAMES ARNOLD, | : | |
| | : | Case No. 1:19-cv-00501 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 19] |
| REALPAGE, INC. d/b/a LEASING DESK SCREENING, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case an Ohio and a Colorado resident sue the non-Ohio Defendant Company for conduct that occurred outside of Ohio.  The Court lacks personal jurisdiction over Defendant.

For the following reasons, the Court **GRANTS IN PART** Defendant's motion to dismiss or to transfer to the extent that Defendant seeks venue transfer to the Northern District of Texas.

I.     **Background**

In June 2016, Plaintiff Diane Jones applied to rent a Georgia apartment.[1]  In August 2017, the apartment complex rejected Jones's application because a background report included some criminal history.[2]  Somewhat similarly, in October 2016 and July 2017, Plaintiff James Arnold applied to rent Colorado apartments and was likewise denied.[3]  Arnold claims

---

[1] Doc. 12 ¶¶ 23-30.
[2] *Id.*
[3] *Id.* ¶¶ 31-33.

Case No. 1:19-cv-00501
Gwin, J.

criminal history reported in a background report caused the rejection.[4]

Plaintiffs allege that RealPage's Leasing Desk Screening platform generated the background reports.[5]  Plaintiffs allege that the information in the reports was wrong and that Defendant violated the Fair Credit Reporting Act by failing to use reasonable procedures to ensure the information was accurate.[6]

On March 6, 2019, Plaintiff Jones sued.[7]  On May 20, 2019, Plaintiff Arnold joined the suit in an amended complaint.[8]

On June 10, 2019, Defendant RealPage filed a motion to dismiss.  With its motion to dismiss, RealPage says this Court does not have personal jurisdiction over RealPage. RealPage alternatively asks for transfer to the Northern District of Texas.[9]  Plaintiffs opposed both dismissal and venue transfer.[10]

## II.  Plaintiffs Fail to Demonstrate Personal Jurisdiction

Plaintiffs bear the burden to show that the Court has personal jurisdiction over Defendant.[11]  To satisfy this burden, Plaintiffs need only make a *prima facie* jurisdictional showing.[12]  Although this burden is "relatively slight,"[13] even after jurisdictional discovery Plaintiffs still have not carried the duty to show personal jurisdiction.

The Court's exercise of personal jurisdiction must satisfy constitutional due process

---

[4] *Id.*
[5] *Id.* ¶¶ 25-26, 31-33.
[6] *Id.* ¶¶ 1-2.
[7] Doc. 1.
[8] Doc. 12.
[9] Doc. 19.
[10] Doc. 30.
[11] *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).
[12] *Id.*
[13] *Id.*

Case No. 1:19-cv-00501
Gwin, J.

requirements and must also be authorized by Ohio's long-arm statute.[14]  The Court considers

first whether Plaintiffs have satisfied the requisite constitutional concerns.[15]

There are two types of personal jurisdiction—general and specific.[16]  To invoke

general jurisdiction, Plaintiffs must show that Defendant is "at home" in Ohio—meaning

being incorporated or having its principal place of business here.[17]

Defendant RealPage is Delaware incorporated and maintains a Texas principal place

of business.[18]

However, Plaintiffs argue that this Court has general jurisdiction over Defendant

RealPage because RealPage's contacts with Ohio are "continuous and systematic."[19]  Even if

true, this allegation does not establish general jurisdiction.[20]  "Continuous and systematic"

contacts are not sufficient unless they render a corporation essentially at home in Ohio.[21]

Although Plaintiff alleges that Defendant conducts business in Ohio, the Supreme Court has

expressly rejected such "exorbitant exercises of all-purpose jurisdiction."[22]

The Court does not have general jurisdiction over Defendant.

To invoke specific jurisdiction, Plaintiffs must show that (i) Defendant purposefully

availed itself of acting or causing a consequence in Ohio, (ii) the cause of action arose from

---

[14] *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174 (6th Cir. 1992).
[15] Courts in this circuit usually consider due process first.  *See Bird v. Parsons*, 289 F.3d 865, 871–72 (6th Cir. 2002) ("[I]n evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on [constitutional concerns]."); *Paglioni & Associates, Inc. v. WinnerComm, Inc.*, 2:6-cv-276, 2007 WL 852055, at *3 (S.D. Ohio March 16, 2007) (analyzing due process before Ohio law).
[16] *Bristol Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017).
[17] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that general jurisdiction may only be exercised where the defendant is "at home" and that businesses are paradigmatically at home in their place of incorporation and principal place of business).
[18] Doc. 19 at 2.
[19] Doc. 30 at 10.
[20] In considering a motion to dismiss for lack of personal jurisdiction, the court construes the pleadings and affidavits in a light favorable to Plaintiffs.  *MAG IAS Holdings, Inc.*, 854 F.3d at 899.
[21] *Daimler*, 571 U.S. at 136-139.
[22] *Id.*

Case No. 1:19-cv-00501
Gwin, J.

Defendant's activities in Ohio, and (iii) Defendant's acts have a sufficiently substantial

connection to make jurisdiction reasonable.[23]

Plaintiffs allege that Defendant is licensed to do business in Ohio, "has served 2,804

Ohio customers," and has contracted with third parties to conduct site assessments for each

Ohio customer.[24]  Plaintiffs state that RealPage's Ohio customers have requested 299,808

background reports.[25]  Plaintiffs' allegations may demonstrate that Defendant purposefully

availed itself of Ohio's laws, but that is where Plaintiffs' success ends.

Plaintiffs never claim that their cause of action arose from Defendant's activities in

Ohio.  Indeed, the only Ohio Plaintiff applied for a Georgia located apartment.[26]  Defendant

RealPage, based in Texas, supplied the report at issue directly to the Georgia apartment

complex.[27]  Plaintiffs fail to show that their case arises from any of Defendant's Ohio

activities.

Finally, Defendant's acts do not have a substantial connection to Ohio that would

make the exercise of jurisdiction reasonable. That Jones is an Ohio resident was mere

happenstance as RealPage generated the report on Jones for a Georgia apartment

application.  Plaintiff Jones' residence does not create sufficient case-related connection to

Ohio.[28]

Plaintiffs have not demonstrated the constitutional requirements for personal

jurisdiction.  Because Plaintiffs do not show sufficient constitutional jurisdiction, the Court

---

[23] *MAG IAS Holdings, Inc.*, 854 F.3d at 899.
[24] Doc. 30 at 4.
[25] *Id.*
[26] *Id.* at 2-3.
[27] *Id.* at 3.
[28] *See Walden v. Fiore*, 571 U.S. 277, 283–86 (2014) (holding that, to satisfy due process, the plaintiff's citizenship cannot be the defendant's only case-related connection to the forum state).

Case No. 1:19-cv-00501
Gwin, J.

need not consider whether Ohio law authorizes personal jurisdiction in this case.[29]

### III.      Transfer is Proper

A Court lacking jurisdiction over a matter may still transfer the case to a court that does have jurisdiction.[30] Under 28 U.S.C. 1406(a) the Court may transfer a case "in the interest of justice" to any district where Plaintiffs could have brought the matter originally. Plaintiffs and Defendant agree that this case could have been properly filed in the Northern District of Texas.[31]

The parties in this case have already begun the discovery process and Plaintiffs have filed a motion for class certification.[32]  Transfer, rather than dismissal, avoids "unnecessary duplication of fees and costs" for the parties.[33]  Indeed, transfer in and of itself is generally considered to better satisfy the interest of justice than dismissal.[34]

Defendants will not be prejudiced by the transfer as they themselves sought to transfer the case if the matter was not dismissed.[35]  Against this backdrop, the Court orders that the matter be transferred to the Northern District of Texas.

---

[29] Although, the Court notes Ohio law similarly requires a connection between the cause of action and the state.

[30] *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (holding that "section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case") (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)).  Although Defendant brought its motion to transfer in the alternative to its motion to dismiss, the Court may *sua sponte* order that the case be transferred. *Thornton v. Walter*, No. 84-3817, 1985 WL 13711, at *2 (6th Cir. Sep. 17, 1985); *Mid-America Gutters v. Thompson Creek Window Co.*, No. 11CV843, 2012 WL 3224148, at *7 (S.D. Ohio Aug. 6, 2012).

[31] Doc. 19 at 12; Doc 30 at 11.

[32] Doc. 38.

[33] *Reg Transport Services, LLC v. Dutch Miller Chrysler/Jeep/Ram*, No. 2:18-cv-1176, 2019 WL 3413858, at *7 (S.D. Ohio July 29, 2019).

[34] *Nation v. U.S. Government*, 512 F.Supp. 121, 126 (S.D. Ohio 1981).

[35] *Reg Transport Services, LLC*, 2019 WL 3413858, at *7.

-5-

Case No. 1:19-cv-00501
Gwin, J.

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion to dismiss

or to transfer to the extent that it seeks transfer of venue to the Northern District of Texas.


IT IS SO ORDERED.


Dated:  September 3, 2019                          s/      *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE